UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY LEE COOK<br>    Plaintiff,<br><br>v.<br><br>WILLIAM G. LAMBERTH, II, et al.<br>    Defendants. | No. **3 09 0434**<br>(No. 3:09-mc-0098)<br>Judge Campbell |

MEMORANDUM

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against William Lamberth, a Sumner County prosecutor, and Dee David Gay, a Criminal Court Judge in Sumner County, seeking injunctive relief and damages.

On June 23, 2008, the plaintiff was arrested and charged with two counts of aggravated assault with a deadly weapon, two counts of evading arrest, driving under the influence, driving on a revoked license, hit and run, and failure to report an accident. He has remained in the Sumner County Jail since his arrest awaiting trial, unable to afford the $100,000 bond set for his release.

The plaintiff complains that the defendants intentionally meant for his bond to be excessive. He also claims that he has waited too long for a trial.

The Court is obliged to consider matters of jurisdiction, *sua*

1

*sponte* if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985). In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin pending state criminal proceedings begun prior to the institution of a federal suit except in the very unusual situation where an injunction is necessary to prevent both immediate and irreparable injury. *Id.* at pg. 46. Thus, the abstention doctrine announced in Younger counsels federal courts to abstain from hearing challenges to pending state court proceedings, where interference by a federal court would disrupt the comity between state and federal courts. *Id.* at pgs. 37-38; *see also* Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

Abstention in favor of a state court is proper where (1) the state criminal proceeding is ongoing; (2) an important state interest is implicated by the criminal proceeding; and (3) there is an adequate opportunity in the state criminal proceeding to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982). A federal court should not abstain, however, if the plaintiff demonstrates extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief. Fieger v. Thomas, 74 F.3d 740, 750 (6th Cir. 1996).

The state criminal proceeding being challenged by the

2

plaintiff is ongoing. A State has an important interest in enforcing its criminal laws. Moreover, the plaintiff is represented by counsel and has the ability under state law to appeal any adverse action arising from his prosecution. The plaintiff has shown no unusual circumstances sufficient to warrant federal intervention at this time. Therefore, this Court is compelled to abstain from interfering with the plaintiff's ongoing criminal prosecution.[1]

Younger established the principle that when abstention is appropriate, a federal court should not exercise jurisdiction but instead should dismiss the case in its entirety. Gibson v. Berryhill, 411 U.S. 564, 577 (1973).

An appropriate order will be entered.

Todd Campbell
United States District Judge

---

[1] In an earlier § 1983 action, the plaintiff sought to challenge the amount of his bond. That action was also dismissed when the Court chose to abstain from exercising jurisdiction. Ricky Lee Cook v. David Dee Gay, No. 3:09-0284 (M.D. Tenn.) (Trauger, J., presiding).

3